# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

JOE A. BROWDER                                                    PLAINTIFF

v.                                         CIVIL ACTION NO. 5:11CV-P29-R

PHILIP PARKER, *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[1]

Plaintiff, Joe A. Browder, a convicted inmate currently incarcerated at the Kentucky

State Reformatory (KRS) in LaGrange, Kentucky, filed this action.[2]  He sues the following

Defendants, most of whom are current or former employees of KSP in Eddyville, Kentucky:

1) KSP Warden Phillip Parker; 2) John Doe President of Correct Care Integrated Health, Inc.;

3) KSP Officer Cramer or Conner;[3] 4) KSP Administrator Michael Ray; 5) KSP Officer Chad

Knight; 6) KSP Officer Cody Edmonds; 7) KSP Administrator Robert Roberts; 8) KSP Library

Officer David Wellham; 9) KSP Officer Charles Roberts; 10) KSP Internal Affairs Officer Duke

---

[1]When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  Furthermore, the Court is required to review prisoners' complaints that seek relief from governmental officers or employees irrespective of whether they have paid the filing fee or any portion thereof.  *Id.*

[2]Plaintiff was previously incarcerated at the Kentucky State Penitentiary (KSP).  From there, he was transferred to the Eastern Kentucky Correctional Complex (EKCC).  He is now housed at KSR.

[3]The Court will refer to this Defendant as "Cramer" for the purposes of this Memorandum Opinion & Order.

Pettit; 11) KSP Mailroom Officer Troy Belt; 12) KSP Inmate Accounts Clerk Renee Howell; 13) KSP Officer Leonard Rapien; 14) KSP Officer Thomas Crank; 15) KSP Officer Tami Darnell; 16) KSP Nurse Practitioner Chanin Hiland; 17) Correct Care Integrated Health Inc., Nurse Sarah Gish; 18) Correct Care Integrated Health Inc., Nurse Scott Turnbow; 19) Correct Care Integrated Health Inc., Nurse Tanya Pemberton; 20) KSP Deputy Warden Joel Dunlap; 21) John Doe Officers at KSP; 22) Jane Doe Nurses at EKCC; and 23) John Doe Administrators at EKCC. Browder sues Defendants in both their individual and official capacities. He is seeking both monetary and injunctive relief on behalf of himself and other inmates.

Browder asserts the following causes of action against all Defendants: 1) violation of the consent decree in *Kendrick v. Bland*, 541 F. Supp. 21 (W.D. Ky. 1981); 2) racial discrimination; 3) Kentucky state law outrage/intentional infliction of emotional distress; 4) state and federal hate crime laws; 5) violations of the Religious Land Use and Institutionalized Persons Act of 2000; 6) 42 U.S.C. § 1985 violations; 7) 42 U.S.C. § 1997 violations; and 8) 42 U.S.C. § 1983 claims for violations of his First, Eighth and Fourteenth Amendment rights.

Browder's complaint refers the Court to approximately one-hundred pages of "exhibits" he previously filed with the Court. For the purposes of initial review, the Court is not required to wade through lengthy exhibits to find support for Plaintiff's claims. *See Olayemi Dele Jinadu v. Fitzgerald, No*. 99-4259, 2000 U.S. App. LEXIS 23650, at *3-4 (6th Cir. Sept. 15, 2000) ("The district court's duty to construe Jinadu's *pro se* pleadings liberally did not obligate it to analyze attachments to Jinadu's complaint in order to speculate about the claims Jinadu may be attempting to bring."); *Bey v. McGinnis*, No. 98-1930, 1999 U.S. App. LEXIS 23676, at *4 (6th Cir. Sept. 23, 1999) ("[The plaintiff] refers the court to an attachment consisting of a minimum of fifty pages. The district court's duty to construe Young Bey's *pro se* pleadings liberally did

not obligate it to analyze attachments to Young Bey's complaint in order to speculate about the claims Young Bey may be attempting to bring."). It is Browder's responsibility to allege the facts supporting his claims in the body of his complaint.

The Court will now proceed to conduct the required review of the complaint. After doing so, for the reasons set forth below, the Court will dismiss a portion of the claims and will allow a portion to proceed for further development.

## II. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent

standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Browder, a *Pro Se* Prisoner, Cannot Represent Other Prisoners

Browder is the only plaintiff listed in the caption of the complaint; and he is the only individual who signed it. Throughout his complaint, however, Browder mentions injuries suffered by other inmates. He also specifically states that he is prosecuting this action on behalf of other inmates. It is well established that non-attorneys proceeding *pro se* cannot adequately represent a class. *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Accordingly, the Court will consider Browder's claims only to extent that they relate to him personally.

#### B. Injunctive-Relief Claims

The named Defendants are either KSP or EKCC officials. Browder is not presently incarcerated at either facility. He is currently incarcerated at KSR in LaGrange, Kentucky. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v.*

*Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred).

The Court will dismiss Browder's injunctive-relief claims as moot.

**C.      Violations of *Kendrick* Consent Decree**

Browder alleges that Defendants should be held liable because their activities at KSP have allegedly violated the terms of the Court's consent decree in *Kendrick v. Bland*, 541 F. Supp. 21 (W.D. Ky. 1981). "The consent decree is fact specific and contains no general grant of rights to all Kentucky inmates." *Kendrick v. Bland*, No. 91-5147, 1991 U.S. App. LEXIS 21952, at *3 (6th Cir. Sept. 12, 1991). While Browder has alleged certain instances of conduct that he claims violate the *Kendrick* consent decree, he has not shown "systematic institution-wide violations." *Id.* As such, his remedy is a civil rights suit to vindicate any violation of his personal rights, not a contempt claim for violation of the consent decree. *Kendrick v. Bland*, 931 F.2d 421, 423 (6th Cir. 1991) ("Unfortunately there will often be individual violations of prison policy, but those do not constitute contempt on the part of the prison system, and are better addressed in alternative ways, such as through the prison grievance system or individual civil rights cases.").

The Court will dismiss any claims predicated solely on a violation of the *Kendrick* consent decree.

**D.      Racial-Discrimination Claims**

Browder makes a broad claim that the various Defendants violated his constitutional rights "in retaliation against me for my race . . . ." However, Browder has not pled any facts to support his conclusory allegations of racial discrimination/retaliation. In fact, he fails to even identify his own race. The Court is not required to accept such bare legal conclusions. *See*

*Iqbal*, 129 S. Ct. at 1949.

The Court will dismiss Browder's racial-discrimination claims for failure to state a claim upon which relief can be granted.

**E.     State Law Claims of Outrage/Intentional Infliction of Emotional Distress**

Under Kentucky law, to establish a *prima facie* case of outrage/intentional infliction of emotional distress:

> 1) the wrongdoer's conduct must be intentional or reckless;
> 2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;
> 3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and
> 4) the emotional distress must be severe.

*Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004).  Browder has only made conclusory and factually unsupported allegations that Defendants' alleged conduct caused him to suffer mental distress.  Such "'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557), are insufficient to state a claim for intentional infliction of emotional distress.

The Court will dismiss Browder's claim for outrage/intentional infliction of emotional distress for failure to state a claim upon which relief can be granted.

**F.     Hate Crime Statutes**

Browder asserts that Defendants should be held liable under federal and state hate crime statutes.  As general matter, private individuals have no standing to enforce federal or state criminal statutes.  That enforcement must occur, if at all, by way of a criminal action instituted by the proper state or federal authorities.  *See, e.g.*, *American Postal Workers Union v. Indep. Postal Sys. of Am.*, 481 F.2d 90 (6th Cir. 1973).

Browder's hate-crime-statute claims will be dismissed for failure to state a claim upon which relief can be granted.

**G.      The Religious Land Use and Institutionalized Persons Act of 2000**

The Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, targets two areas of state and local action:  land use regulation and restrictions on the religious exercise of institutionalized persons.  *Sossamon v. Texas*, – U.S. –,131 S. Ct. 1651, 1653 ( 2011).   Browder's complaint does not allege any facts related to Defendants' land use or explain how Defendants prevented him from exercising his religion.

Browder's RLUIPA claims will be dismissed for failure to state a claim upon which relief can be granted.

**H.      42 U.S.C. § 1985**

Browder does not state which section of § 1985 he is relying on.  Based on his allegations, however, the Court presumes that he is alleging violations 42 U.S.C. § 1985(3).  The Sixth Circuit has held that a viable 42 U.S.C. § 1985(3) claim must contain:

> (1) [A] conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994) (*citing Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)).  A plaintiff  "must also establish that the conspiracy was motivated by a class-based animus."  *Johnson*, 40 F.3d at 839.

First, Browder has failed to appropriately plead the "class-based animus" element.  The inquiry is two fold:  the plaintiff must allege that he possesses the characteristics of a discrete and insular minority, such as race, national origin, or gender, *Haverstick Enters., Inc. v. Fin.*

*Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994), and the plaintiff must also put forth specific facts indicating there was a conspiracy motivated by class-based, invidiously discriminatory animus. *Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000). In other words, "as the Supreme Court recently held, a complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief. . . . [A section 1985] claim can survive only if [the plaintiff] pleaded facts supporting that conclusion." *Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009). Browder has not pleaded any such facts.

Additionally, the alleged conspiracy must "be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Browder has not pleaded the "specifics" of any alleged conspiracy such as "when, where, or how the defendants conspired." *Perry v. Southeastern Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005).

The Court will dismiss Browder's 42 U.S.C. § 1985 claim for failure to state claim upon which relief can be granted.

## I.     42 U.S.C. § 1997

Browder states that he is also suing under 42 U.S.C. § 1997, the Civil Rights of Institutionalized Persons Act. Browder does not state which portion of the Act he is relying upon. However, given the nature of his allegations, it appears he is relying on § 1997(d), which states: "No person reporting conditions which may constitute a violation under this Act shall be subjected to retaliation in any manner for so reporting." *Id.* "The courts to have addressed the

issue have held that the Civil Rights of Institutionalized Persons Act, of which 42 U.S.C. § 1997(d) is a part, authorizing as it does the attorney general to initiate a suit, does not create a private right of action in favor of an individual." *Pope v. Bernard*, No. 10-1443, 2011 U.S. App. LEXIS 2764, at *3 (1st Cir. Feb. 10, 2011) (per curium) (citing *Price v. Brittain*, 874 F.2d 252, 262 (5th Cir. 1989); *McRorie v. Shimoda*, 795 F.2d 780, 782 n.3 (9th Cir. 1986)).

The Court will dismiss Browder's 42 U.S.C. § 1997 claim for failure to state claim upon which relief can be granted.

## J. 42 U.S.C. § 1983 Money-Damages Claims Against Defendants

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "To state a valid § 1983 claim, [Browder] must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

Browder is seeking to impose liability on Defendants in both their official and individual capacities. Browder's claims for money damages against Defendants in their official capacities are not cognizable because the defendant prison employees are not "persons" subject to suit under § 1983 in their official capacities. *See Will*, 491 U.S. at 70-71; *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989).

The Court will dismiss Browder's § 1983 money-damages claims against Defendants in their official capacities for failure to state a claim.

Thus, the Court will consider Browder's § 1983 claims against Defendants only in their

individual capacities.

### 1.    Warden Phillip Parker

#### a.    Inmate Hays's death

Browder first claims that Defendant Parker should be held liable "for his active participation in the cover-up and falsification of documents and information regarding the death of prisoner Meriweather Hays, for his violations of Mr. Hays's constitutional rights, and for violations of his and other inmate witnesses' constitutional rights.

In suits brought under § 1983, the question of who may bring an action for violations of a decedent's constitutional rights is answered by looking to state law. *See* 42 U.S.C. § 1988; *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978); *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984). In Kentucky, only the decedent's personal representative can maintain a wrongful death action on his behalf. KY. REV. STAT. § 411.130(1).1.[4] And, any amount recovered "shall be for the benefit of and go to the kindred of the deceased." KY. REV. STAT. § 411.130(2).

Browder has not alleged that he is, nor does he appear to be, Inmate Hays's personal representative. As such, Browder does not have standing to bring a suit on behalf of the decedent's estate. Additionally, Browder's status as a fellow inmate of the decedent is insufficient to confer standing on him. *See, e.g., Inmates v. Owens*, 561 F.2d 560, 562-63 (4th

---

[4]The statute provides:

> Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. The action shall be prosecuted by the personal representative of the deceased.

*Id.*

Cir. 1977) (holding that one inmate does not have standing to sue on behalf of another).

Furthermore, Browder does not allege that Hays's death caused him to suffer any *physical* injury. At most, he suggests that he was emotionally distressed by the death. Browder cannot pursue damages for mental or emotional injury because he has not alleged that he suffered any personal, physical injury. 42 U.S.C. § 1997e(e).

### b. Diet, Cell Placement, and Retaliation

Browder alleges that Defendant Parker should be held liable for "his refusals to intervene in or to correct my improperly-imposed and harmful diet," for the unconstitutional conditions in 3-Cell House at KSP, and for "sanctioning and encouraging retaliation" by other prison officials. Browder does not allege that Defendant Parker was responsible for implementing or maintaining the diet, for creating the cell conditions, or for the retaliatory conduct. Rather, it appears that Browder seeks to hold Defendant Parker liable because he was in charge of the other prison employees.

"Respondeat superior[5] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983

---

[5]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

The Court will dismiss Defendant Phillip Parker from this action as Browder has failed to allege any claim against him upon which relief can be granted.

### 2. President, Correct Care Integrated Health, Inc.

Plaintiff sues the Unknown President of Correct Care Integrated Health, Inc., for entering into a contract with the Kentucky Justice and Public Safety Cabinet to provide clinical staff to Kentucky Correctional Institutions. The contract itself does not violate Browder's constitutional rights nor has Browder shown that the President participated directly in Browder's care. As such, he has failed to state a claim for relief against this Defendant.

The Court will dismiss Defendant John Doe, President Correct Care Integrated Health, Inc., as a party to this action because Browder has failed to allege any claim against him upon which relief can be granted.

### 3. Officer Cramer

Browder alleges that Officer Cramer "acknowledged my legal work, pending civil actions against prison staff and made derogatory remarks and threats against my life regarding same, causing mental anguish." He states that Defendant Cramer told him that he "had lots of legal work, am suing almost everyone who works at KSP, am a pile of ****, and they want me dead."

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action

was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Plaintiff alleges that he was engaged in protected conduct – filing grievances and complaints. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). In appropriate situations, verbal threats can constitute a sufficient adverse action. *See Wilson v. Pisania,* 382 F. App'x 151 (6th Cir. 2010). Additionally, the context in which Browder alleges the statements were made could suggest a casual connection between the threats and Browder's legal actions and complaints.

Thus, the Court will allow Browder's First Amendment retaliation claim for money damages to proceed against Defendant Cramer in his individual capacity as related to Defendant Cramer's alleged verbal threat on Browder's life.

### 4.     Michael Ray

Browder alleges that Defendant Ray participated in the falsification of documents and information regarding Inmate Hays's death and failed to address or investigate Browder's complaints about Defendant Cramer's threats.

As already stated, Browder does not have standing to pursue claims related to Hays's death.

Furthermore, Browder cannot maintain a claim against Defendant Ray based on his failure to investigate Browder's complaints. Private citizens, whether or not they are incarcerated, have no constitutional or federal statutory right to compel the investigation of another person. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002).

13

Likewise, Browder cannot maintain a claim against Defendant Ray based on his decisions or lack thereof on Browder's prison grievances. Browder's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See e.g.*, *Shehee,* 199 F.3d at 300 (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies).

The Court will dismiss Michael Ray from this action because Browder has failed to allege any claim against him upon which relief can be granted.

**5-6.    Cody Edmonds & Chad Knight**

Browder alleges that Defendants Edmonds and Knight together filed false disciplinary reports against him and planted contraband in his cell in retaliation for his administrative grievances against Defendant Edmonds (Edmonds allegedly denied Browder food).

The Court is uncertain whether Browder is asserting an Eighth Amendment conditions-of-confinement claim against Edmonds for denying him food. To the extent Browder attempts to allege such a claim, it fails. Even though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward. *See, e.g.*, *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003). Plaintiff has not alleged that the occasional deprivations of food caused him to suffer any physical harm or discomfort.

However, Browder is also alleging First Amendment retaliation claims against Defendants Edmonds and Knight for depriving him of food and for planting contraband in his cell. Depriving an inmate of food or planting contraband in a cell, in appropriate circumstances, can constitute adverse action for the purposes of stating a First Amendment

retaliation claim.  *See Scott v. Churchill*, 377 F.3d 565, 571-72 (6th Cir. 2004).  Moreover, Browder suggest that this conduct was in retaliation for grievances he had filed against Defendant Edmonds.

The Court will allow Browder's First Amendment retaliation claims to proceed against Defendants Edmonds and Knight in their individual capacities as related to Defendant Edmonds withholding food from Browder and Defendants Edmonds and Knight planting contraband in Browder's cell and filing false disciplinary charges against him.

### 7.      Robert Roberts

Browder alleges that Defendant Robert Roberts misdirected and/or rejected his grievances.  Browder cannot maintain a claim based only on the internal mishandling of his prison grievances.  *Shehee,* 199 F.3d at 300.

Browder also alleges that Defendant Robert Roberts "encouraged and accepted falsification of documentation and testimony."  This is precisely the type of conclusory allegation that this Court is not required to accept.  *Iqbal*, 129 S. Ct. at 1949.

The Court will dismiss Robert Roberts from this action because Browder has failed to allege any claim against him upon which relief can be granted.

### 8-9.      Charles Roberts & David Wellham

Plaintiff states that these Defendants intentionally and repeatedly held his grievances and legal papers until past the administrative and court deadlines; denied him use of the library; filed unspecified false disciplinary charges against him; and conspired with Defendants Robert Roberts, Tami Darnell, and John Does to falsify documents and testimony against him.

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure."  *Walker v. Mich. Dep't of Corr.*, 128 Fed. App. 441, 445 (6th Cir.

2005).  Thus, the fact that Defendants allegedly prevented Browder from timely filing his grievances fails to state a claim upon which relief can be granted.

While prisoners do have a right of access to the courts, to bring a § 1983 claim for such a violation, "the prisoner must 'plead and prove prejudice stemming from the asserted violation.'" *Brown v. Matauszak*, No. 09-2259, 2011 U.S. App. LEXIS 2011, at *12 (6th Cir. Jan. 31, 2011) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).  In other words, a plaintiff must demonstrate "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Browder has not alleged any actual injury in this case.  As such, his claims that Defendants held his legal papers and preventing him from using the library will be dismissed.

Browder's claim regarding the false disciplinary charges is simply too conclusory to pass muster on initial review.  *Iqbal*, 129 S. Ct. at 1949.

Likewise, civil conspiracy claims under § 1983 must be pled with some degree of specificity.  Vague and conclusory allegations unsupported by material facts are not sufficient to state a conspiracy claim under § 1983.  *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (citing *Gutierrez*, 826 F.2d at 1538).

The Court will dismiss Charles Roberts and David Wellham from this action because Browder has failed to allege any claims against them upon which relief can be granted.

**10.    Duke Pettit**

Browder alleges that Defendant Pettit "misdirected or rejected" various of his grievances. As already indicated above, Browder cannot maintain a claim predicated on the internal mishandling of his prison grievances.  *Shehee,* 199 F.3d at 300.

The Court will dismiss Duke Pettit from this action because Browder has failed to allege any claim against him upon which relief can be granted.

16

11.     **Troy Belt**

Browder alleges the following against Defendant Belt:  that he refused to respond to inquiries and grievances about Defendant Cramer's threats; that he repeatedly held Browder's mail for extended periods of time, including legal mail; opened Browder's legal mail in his absence; and overcharged his inmate account for postage.

Defendant Belt's failure to respond to Plaintiff's grievances and investigation requests fails to state a claim upon which relief can be granted.  *Shehee,* 199 F.3d at 300.

Browder does not allege that Defendant Belt withheld his mail based any particular content.  "[S]hort, non-content based delays in prison mail are not unreasonable and fail to state a constitutional question."  *Cotten v. Schotten*, No. 95-4085, 1997 U.S. App. LEXIS 13234 (6th Cir. June 4, 1997) (citing *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987)).

There is no constitutionally protected interest in buying postage stamps as cheaply as possible, as "there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost."  *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (quoting *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980)).  Moreover, even if Browder's claim could constitute a due process claim for deprivation of his property, his claim lacks merit because he fails to allege that his state post-deprivation remedies are inadequate.  *Gallagher v. Lane*, 75 F. App'x 440, 442 (6th Cir. 2003) (citing *Hudson v. Palmer*, 468 U.S. 517, 531 (1984)). And, the Sixth Circuit has held that Kentucky's post-deprivation remedies are adequate.  *Mejia v. Tindall*,  No. 3:10-CV-P771-C, 2011 U.S. Dist. LEXIS 28914 (W.D. Ky. Mar. 21, 2011) (citing *Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985)).

In certain situations, opening a prisoner's legal mail outside of his presence can violate

the First Amendment.  *See Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003).

The Court will allow Browder's claim that Defendant Belt opened his legal mail outside of his presence to proceed for further development.

### 12.    Rene Howell

Browder alleges that Defendant Howell improperly charged his inmate account for federal and state filing fees.  Again, because Kentucky has an adequate post-deprivation procedure that inmates can use, *id.*, Browder cannot maintain a claim based on Howell's conduct in debiting his inmate trust account.  *See, e.g., Barnes v. Johnson*, No. 90-C-6900, 1990 U.S. Dist. LEXIS 16915 (N.D. Ill. Dec. 11, 1990) (holding that even if defendants did improperly take money out of the inmate's account, the claim was frivolous because the inmate had no cognizable claim under § 1983.).

The Court will dismiss Defendant Rene Howell from this action because Browder has failed to allege any claim against her upon which relief can be granted.

### 13-14.   Leonard Rapien & Thomas Crank

Browder alleges that these Defendants threatened him by telling him that there were places in the yard that were outside of surveillance where an inmate could be beaten.  Although verbal abuse by prison officials is not condoned, the law is clear that even if the allegation of verbal abuse is true, verbal abuse by itself does not violate the Eighth Amendment.  *See Johnson v. Dellatifa,* 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).  The Court is required to dismiss the allegations of non-physical harassment for failure to state a claim upon which relief can be granted.[6]

---

[6]While verbal threats could constitute prohibited retaliatory conduct in appropriate instances, Browder does not appear to be asserting a retaliation claim against these Defendants

Browder next alleges that these two Defendants had him placed in a feces-ridden cell for an extended period of time that led to him developing health problems. Under the Eighth Amendment, "conditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A condition must be cruel and unusual under the contemporary standards of decency to warrant invoking the Eighth Amendment. *Id.* The Court concludes that this claim should be allowed to proceed past initial screening for further development.

Browder also alleges that Defendant Crank "filed falsified disciplinary reports against me and falsified documents and 'testimony' and thwarted my efforts to obtain surveillance video to prove my innocence all in violation of my constitutional rights." This allegation is nothing but an unsupported conclusion devoid of any factual enhancement. As such, it fails to state a claim against Defendant Crank.

The Court will allow Browder's Eighth Amendment conditions-of-confinement claim to proceed against Defendants Rapien and Crank in their individual capacities.

**15-16. Tami Darnell & John/Jane Doe KSP Officials**

Browder alleges that these Defendants "knowingly accepted falsified documentation and testimony and knowingly excluded exculpatory evidence, repeatedly during 'adjustment committee hearings'" in violation of his due process rights. "Members of a prison adjudicatory committee . . . have qualified immunity from suits for damages." *Turney v. Scroggy*, 831 F.2d 135, 138 (6th Cir. 1987) (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985)).

---

nor does he allege that the comments were casually related to any protected conduct.

The Court will dismiss Defendant Darnell and the John/Jane Doe KSP Officials from this action because Browder has failed to allege any claim against them upon which relief can be granted.

**17.    Chanin Hiland**

Browder alleges that Defendant Hiland denied him access to medical care for his anemia in retaliation for his medical grievances against her and her husband.

The Court will allow Browder's First Amendment retaliation claim against Defendant Chanin Hiland in her individual capacity to proceed for further development.

**18.    Defendant Sarah Gish**

Browder alleges that Defendant Gish violated his Eighth Amendment rights by refusing him medical treatment for his eye and preventing him from seeing his outside eye specialist. He also alleges that she refused to give him his blood pressure medication several different times resulting in further damage to his right eye. The Court will allow this claim to proceed.

Browder also alleges that Defendant Gish "retaliated against [him] by committing more unconstitutional acts." This claim is too conclusory to stand. As such, it will be dismissed.

The Court will allow Browder's Eighth Amendment denial-of-medical-care claim against Defendant Sarah Gish in her individual capacity to proceed for further development.

**19.    Scott Turnbow**

Browder alleges that Defendant Turnbow violated his First and Eighth Amendment rights "by refusing to give me any blood pressure medicine for over a month, causing hypertension and further damaging my eyesight"

The Court will allow Browder's First Amendment retaliation and Eighth Amendment denial-of-medical-care claims against Defendant Scott Turnbow in his individual capacity to

proceed for further development.

**20.     Tanya Pemberton**

Browder alleges that Defendant Pemberton violated his Eighth Amendment rights by withholding his blood pressure medicine and on one occasion even went so far as to show the medicine to Browder but then refused to give it to him.  Browder alleges that the denial of the medication increased his blood pressure causing further damage to his eye.

The Court will allow Browder's Eighth Amendment denial-of-medical-care claim against Defendant Tanya Pemberton in her individual capacity to proceed for further development.

**21.     Joel Dunlap**

Browder alleges that Joel Dunlap, KSP Deputy Warden, filed a false disciplinary report against him that was later dismissed.  Browder claims that Defendant Dunlap falsified the charges against him in retaliation for his state declaratory judgment actions.

The Court will allow Browder's First Amendment retaliation claim against Defendant Dunlap in his individual capacity to proceed for further development.

**22-23.   Jane & John Doe Medical Staff and Administrators at EKCC**

Browder alleges that the medical staff and administrators at EKCC have not properly treated his anemia and hepatitis.  Upon review, the Court concludes that these claims are not part of the same case and controversy as his claims against the KSP Defendants.  As such, these Defendants should not have been joined in this action.  *See* FED. R. CIV. P. 20(2).

The Court will dismiss Browder's claims against the Jane & John Doe Medical Staff and Administrators at EKCC without prejudice because they were improperly joined as defendants in this action.  *See* FED. R. CIV. P. 21.

**IV. ORDER**

For the reasons set forth above, and being otherwise sufficiently advised, **IT IS ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted:

1.      Plaintiff's injunctive-relief claims;

2.      Plaintiff's claims for alleged violations of the *Kendrick v. Bland* consent decree;

3.      Plaintiff's racial-discrimination claims;

4.      Plaintiff's state law outrage/intentional-inflection-of-emotional-distress claims;

5.      Plaintiff's claims for violations of state and federal hate crime statutes;

6.      Plaintiff's claims for violations of the Religious Land Use and Institutionalized Persons Act of 2000;

7.      Plaintiff's claims for violations of 42 U.S.C. § 1985;

8.      Plaintiff's claims for violations of 42 U.S.C. § 1997;

9.      Plaintiff's official-capacity money-damages claims under 42 U.S.C. § 1983; and

10.     Plaintiff's individual-capacity-money-damages claims under 42 U.S.C. § 1983 for violations of the First, Eighth, and Fourteenth Amendments with the **EXCEPTION** of the following claims, which are permitted to proceed for further development:

     a.      Plaintiff's First Amendment retaliation claim against Defendant Cramer as related to Cramer's alleged verbal threats to Plaintiff's life;

     b.      Plaintiff's First Amendment retaliation claim against Defendants Edmonds and Knight as related to Defendant Edmonds allegedly denying Plaintiff food and Defendant Edmonds's and Knight's conduct related to planting contraband in Plaintiff's cell and filing false disciplinary charges against him;

  c.  Plaintiff's First Amendment claim that Defendant Belt opened Plaintiff's legal mail outside of his presence;

  d.  Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendants Rapien and Crank;

  e.  Plaintiff's First Amendment retaliation claim against Defendant Hiland;

  f.  Plaintiff's Eighth Amendment denial-of-medical-care claim against Defendant Gish;

  g.  Plaintiff's First and Eighth Amendment denial-of-medical-care and retaliation claims against Defendant Turnbow;

  h.  Plaintiff's Eighth Amendment denial-of-medical-care claim against Defendant Pemberton; and

  i.  Plaintiff's First Amendment retaliation claim against Defendant Dunlap.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Jane and John Doe Medical Staff and Administrators at Eastern Kentucky Correctional Complex are **DISMISSED without prejudice** pursuant to FED. R. CIV. P. 21.

**IT IS FURTHER ORDERED** that all claims having been dismissed against them, the following Defendants are **TERMINATED** as parties to this action:

1)  Phillip Parker;

2)  John Doe, President of Correct Care Integrated Health Inc.;

3)  Michael Ray;

4)  Robert Roberts;

5)  David Wellham;

6)  Charles Roberts;

7)      Duke Pettit;

8)      Renee Howell;

9)      Tami Darnell;

10)     Jane and John Doe Officers at KSP; and

1)      Jane and John Doe Medical Staff and Administrators at Eastern Kentucky

Correctional Complex.

The Court will enter a separate Scheduling Order to govern the surviving claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4413.008