UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JOE A. BROWDER                                                                                        PLAINTIFF

v.                                                                              CIVIL ACTION NO. 5:11CV-P29-R

PHILIP PARKER *et al.*                                                                           DEFENDANTS

**MEMORANDUM AND ORDER**

This matter is before the Court on two motions to compel by Plaintiff Joe A. Browder (DNs 41 and 53).  On November 2, 2011, the Court entered an Order directing the parties to file discovery status reports stating whether they contended that an opposing party had failed to fully answer any outstanding discovery request.  Plaintiff filed a status report (DN 64), Defendants Sarah Gish, Tanya Pemberton, and Scott Turnbow filed a status report (DN 67), and Defendants Troy Belt, Joel Dunlap, Chad Knight, Cody Edmonds, Leonard Rapien, and Chanin Hiland filed a status report (DN 65).  Plaintiff then filed a supplement (DN 68) to his discovery status report wherein he stated that the responses to his discovery requests by Defendants Belt, Knight, Dunlap, Edmonds, Rapien, and Hiland are "woefully inadequate and all said 'objections' by the defendants amount to refusals to answer and refusals to produce the requested documents and information."  Plaintiff did not file any such supplement regarding the discovery responses of Defendants Gish, Pemberton, and Turnbow.

A.      **Defendants Gish, Pemberton, and Turnbow**

Based on a review of these Defendants' status report, it appears that they have adequately responded to Plaintiff's discovery requests.  Accordingly, **IT IS ORDERED** that Plaintiff's motion to compel against Defendants Gish, Pemberton, and Turnbow and motion for a hearing on his discovery requests (DN 41) are **DENIED**.

B.     **Defendants Crank and Cramer/Connor**

In Plaintiff's motion to compel against Defendants Belt, Dunlap, Knight, Edmonds, Rapien, and Hiland, he also asserted the motion against Defendants Crank and Cramer/Connor. However, the docket shows that neither of these Defendants has filed an answer in this action. They are therefore not parties before the Court, and Plaintiff cannot properly seek discovery from them. Therefore, **IT IS ORDERED** that Plaintiff's motion to compel (DN 53) is **DENIED in part** to the extent that it seeks to compel discovery from Defendants Crank and Cramer/Connor.

C.     **Defendants Belt, Dunlap, Knight, Edmonds, Rapien, and Hiland**

Plaintiff served these Defendants with six interrogatories and seventeen requests for production of documents (RFPD). Of these discovery requests, these Defendants answered only one, interrogatory number 2, answering it in part and objecting to it in part. To all other of Plaintiff's discovery requests as well as the portion of interrogatory number 2 to which they objected, Defendants stated, "Objection. This [Interrogatory or Request] is vague, unduly burdensome and seeks information which is outside the scope of this lawsuit."

Following the initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the following individual-capacity claims to go forward against Defendants Belt, Dunlap, Knight, Edmonds, Rapien, and Hiland:

(1)     First Amendment retaliation claim against Defendant Edmonds, a Kentucky State Penitentiary (KSP) officer, and Knight, a KSP lieutenant, as related to Defendant Edmonds allegedly denying Plaintiff food and Defendant Edmonds's and Knight's conduct related to planting contraband in Plaintiff's cell and filing false disciplinary charges against him;

    (2)    First Amendment claim that Defendant Belt, KSP Internal Affairs Officer, opened Plaintiff's legal mail outside of his presence;

    (3)    Eighth Amendment conditions-of-confinement claim against Defendant Rapien, a KSP officer, for placing Plaintiff in a feces-ridden cell which led to health problems;

    (4)    First Amendment claim of retaliation against Defendant Hiland, an Advanced Registered Nurse Practitioner at KSP, specifically that Hiland denied him access to medical care for his amenia in retaliation for medical grievances filed against her and her husband;

    (5)    First Amendment claim against Defendant Dunlap, KSP Deputy Warden, for retaliation, specifically that Dunlap filed a false disciplinary report against him in retaliation for filing state declaratory judgment actions.

### Information concerning Defendants

Interrogatory number 1 requests Defendants Belt, Dunlap, Knight, Edmonds, Rapien, and Hiland to state individually his or her education, training, experience, and qualifications.  The portion of interrogatory number 2 to which Defendants objected seeks the job duties of each Defendant.  Interrogatory number 3 requests Defendants to state individually all lawsuits and dispositions thereof filed against each Defendant, and interrogatory number 4 requests Defendants to state individually any and all disciplinary actions taken against each defendant by their employer or any professional association.  Interrogatory number 5 requests the name and address of all liability insurance carriers or indemnifiers for each Defendant or their employer.  RFPD number 1 requests a copy of the redacted personnel files for each of these Defendants.  To each of these discovery requests, Defendants objected on grounds they are "vague, unduly burdensome and seeks information which is outside the scope of this lawsuit."

The general principles involving the proper scope of discovery are well-known. The Federal Rules of Civil Procedure authorize extremely broad discovery. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998); *United States v. Leggett & Platt, Inc.*, 542 F.2d 655 (6th Cir. 1976). Therefore, Fed. R. Civ. P. 26 is to be liberally construed in favor of allowing discovery. *Dunn v. Midwestern Indemnity*, 88 F.R.D. 191 (S.D. Oh. 1980). Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Information need not be admissible at trial; information is discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Upon review, the Court finds that Defendants' blanket objection to these discovery requests is improper. Plaintiff's discovery requests seeking the background, job duties, insurance carriers, and personnel files of Defendants seek information that is discoverable. The requests are sufficiently specific, not unduly burdensome in that they concern Defendants themselves and are in their possession, and are not outside the scope of this lawsuit. Therefore, the objection is unavailing, and Plaintiff's motion to compel with respect to these discovery requests will be granted.

### Contracts

Interrogatory number 6 requests the provisions of any contracts between CorrectCare Integrated Health, Inc. (CorrectCare) and the Kentucky Department of Corrections (KDOC), the Kentucky Justice and Public Safety Cabinet (KJPSC), the Commonwealth of Kentucky, and/or KSP that allow CorrectCare employees to file or initiate disciplinary actions against state prisoners. RFPD number 6 requests a copy of each contract to provide medical services between CorrectCare and KJPSC, KDOC, the Commonwealth of Kentucky, and/or KSP. Defendants

object to these requests on grounds that they are "vague, unduly burdensome and seeks information which is outside the scope of this lawsuit."

The Court finds that these requests are sufficiently specific, not unduly burdensome, and within the scope of discovery such that Defendants' objection is not proper. The Court will grant Plaintiff's motion with respect to this interrogatory and RFPD.

### Plaintiff's medical care and grievances

RFPD number 2 requests copies of all of Plaintiff's medical records that are in the possession and/or control of any of the Defendants or any institution of the KDOC. Defendants object on grounds that the request is "vague, unduly burdensome and seeks information which is outside the scope of this lawsuit."

Upon review, the Court finds that Plaintiff's request for *all* records in the possession and/or control of *any* KDOC institution is overly broad. The Court will deny Plaintiff's motion to compel with respect to RFPD number 2 in part and limit the request to Plaintiff's medical records in the possession and/or control of any Defendant for the period from March 1, 2009, to the present.

RFPD number 3 requests copies of all of Plaintiff's medical grievances, including appeals at all levels, filed or pending, from March 1, 2009, until present. RFPD number 4 request copies of his administrative grievances, including appeals at all levels, which were filed or pending, from March 1, 2009, until the present. RFPD number 5 requests copies from Plaintiff's correctional medical files of all medical records generated by eye doctor Ron H. Tilford of Paducah, Kentucky to which any Defendant has access. Defendants object to these requests on grounds that they are "vague, unduly burdensome and seeks information which is outside the scope of this lawsuit."

5

The Court finds that these requests are sufficiently specific, not unduly burdensome in that they are limited in time and likely within the possession of at least one of these Defendants, and within the scope of discovery such that Defendants' objections are not proper. The Court will grant Plaintiff's motion with respect to these requests.

### Discipline, administrative review, classification, parole board

RFPD number 7 requests a copy of "each Corrections disciplinary report and each of my requests for witnesses and documents pertaining thereto, each of my appeals there from as were either initiated or were pending between the dates of March 1, 2009 to present." RFPD number 8 requests copies of each of his administrative review forms, responses, and his appeals that were filed or pending between March 1, 2009, and the present. RFPD number 11 requests copies of Plaintiff's classification hearing reports and his appeals therefrom between March 1, 2009, and the present. RFPD number 17 requests "one copy of each Kentucky Parole Board decision in my case from March 1, 2009 to the present; and my resident record card."

The Court finds that these requests are sufficiently specific, not unduly burdensome as they are limited in time and are likely in the possession of at least one of these Defendants, and within the scope of discovery. Defendants' objections are not proper, and the Court will grant Plaintiff's motion with respect to these requests.

### Complaint letters

RFPD number 9 requests copies of his "letters complaining of harassment or retaliation as were submitted to the Commissioner, Deputy Commissioner(s), and/or Ombudsman between March 1, 2009 and the present" and which were forwarded to the Warden or Deputy Warden(s) of KSP. RFPD number 10 requests copies of his "letters complaining of harassment or retaliation as were submitted to the Governor's office between March 1, 2009 and the present

6

and forwarded to the Department of Corrections then to the Warden of KSP." RFPD number 12 requests copies of Plaintiff's "letters complaining of harassment or retaliation as were submitted to the internal affairs officer" of KSP between March 1, 2009, and the present.

The Court finds that these requests are sufficiently specific, not unduly burdensome as they are limited in time and are likely in the possession of at least one of these Defendants, and within the scope of discovery. Defendants' objections are not proper, and the Court will grant Plaintiff's motion with respect to these requests.

### Cell placement/protective custody

RFPD number 13 requests copies of Plaintiff's KSP cell transfer sheets reflecting his institutional cell changes from March 1, 2009, to the present. RFPD number 14 requests copies of each of his KSP requests for protective custody submitted between March 1, 2009, and the present.

The Court finds that these requests are sufficiently specific, not unduly burdensome as they are limited in time and are likely in the possession of at least one of these Defendants, and within the scope of discovery. Defendants' objections are not proper, and the Court will grant Plaintiff's motion with respect to these requests.

### Hepatitis

RFPD number 15 requests one copy of each hepatitis information pamphlet made available to prisoners of the KDOC and/or CorrectCare. RFPD number 16 requests a copy of the current KDOC Hepatitis management protocol.

The Court did not allow a claim for failure to treat Plaintiff's hepatitis to proceed past initial review pursuant to 28 U.S.C. § 1915A. Therefore, Plaintiff's requests concerning

hepatitis information pamphlets and the hepatitis management protocol are outside the scope of discovery. The Court will deny Plaintiff's motion to compel as to these requests.

### Conclusion

Based on the foregoing, **IT IS ORDERED** that Plaintiff's motion to compel (DN 53) against Defendants Belt, Dunlap, Knight, Edmonds, Rapien, and Hiland is **GRANTED in part and DENIED in part** as follows:

Plaintiff's motion is **GRANTED** as to interrogatory numbers 1, 2, 3, 4, 5, and 6 and RFPD numbers 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 17.

Plaintiff's motion is **GRANTED** in part as to RFPD number 2 to the extent that the Court limits this request to Plaintiff's medical records in the possession and/or control of any Defendant for the period from March 1, 2009, to the present.

To the extent that Plaintiff's motion seeks a hearing regarding these discovery requests, it is **DENIED as moot**.

**These Defendants must provide individualized responses to each discovery request as directed above within 30 days of the entry date of this Order.** Should these Defendants have a good faith, factually and legally applicable objection to a particular request, they remain free to assert such objection. However, blanket objections to all discovery requests and a complete refusal to answer discovery requests will not be tolerated.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4413.010

8