UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JOE A. BROWDER                                                                                    PLAINTIFF

v.                                                                      CIVIL ACTION NO.  5:11CV-P29-R

PHILIP PARKER *et al.*                                                                        DEFENDANTS

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendants Sarah Gish, Scott Turnbow, and Sarah Pemberton seeking the Court to deem as admitted their requests for admission served on Plaintiff Joe A. Browder under Fed. R. Civ. P. 36(a)(6) (DN 70).  Plaintiff filed a response to the motion, as well as a motion to strike (DN 71).  Defendants filed a response to the motion to strike (DN 73).  Upon review, **IT IS ORDERED** that Plaintiff's motion to strike (DN 71) is **DENIED**.  For the following reasons, Defendants' motion will also be denied.

### I.

On the initial review of the complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims under 42 U.S.C. § 1983 to proceed against Defendants Gish and Pemberton in their individual capacities for denial of medical care and against Defendant Turnbow in his individual capacity for denial of medical care and retaliation.

Defendants' counsel served Plaintiff with the following two requests for admissions:

> Request No. 1.  Admit that the documents attached hereto (labeled "Browder v. CC pages 1-61") are true and accurate copies of medical records of the Plaintiff from the Kentucky Department of Corrections.
>
> Request No. 2.  Admit that counsel for these Defendants provided Plaintiff with a copy of the attached documents, as part of the

> entire body of Kentucky Department of Corrections records of the
> Plaintiff, by mail on or about July 22, 2011.[1]

Browder served his responses to the requests as follows:

> 1. RESPONSE: The attached documents were not labeled in any way. I am without sufficient knowledge to form an opinion regarding the documents. I am aware that these defendants and their coworkers have and have had propensities to make false entries in my actual corrections medical records based on my known civil actions, medical and administrative grievances, race as an African American, and general hatred and bias.
>
> 2. RESPONSE: I am unable to form an opinion as to the validity of the documents in question or as to whether they were attached to any previously-provided documentation. I have pending two motions for orders compelling discovery and production in this action and hearings have been requested. This issue may be addressed at said hearings(s).

Defendants state that their purpose in filing the instant motion is "to obtain an order that confirms the authenticity of certain of the Plaintiff's medical records." Defendants state that their counsel obtained Plaintiff's medical records from the Kentucky Department of Corrections pursuant to Plaintiff's voluntarily-signed medical authorization. They state that Plaintiff, by not admitting that the records are authentic, seeks to "obfuscate and place hurdles" in the way of their motion for summary judgment. Defendants state that, "if the records are 'true and accurate,' there is no need for Defendants to take the Plaintiff's deposition to pin down the actual dates of the Defendants' treatment of plaintiff and other events described therein."

Defendants further state that Plaintiff failed to provide the requisite foundation for his assertion of "lack of knowledge" as a reason for not admitting or denying the authenticity of the

---

[1]Defendants' counsel attached an affidavit to the motion wherein he states that he mailed 843 pages of Plaintiff's medical records to him on July 22, 2011. He selected 61 pages of medical records from those, which he attached to the requests for admission.

records under Fed. R. Civ. P. 36(a)(4) and that Plaintiff did not object to either request for admission. They also state that the pages were labeled. Defendants state that the records bear the indicia of reliability and attach an affidavit from their counsel, which "sets forth counsel's personal knowledge of the process by which the records were obtained, as well as his opinion that the records are indeed true and accurate copies of the documents they purport to be." Finally, Defendants argue that Plaintiff "cannot meaningfully refute that the documents are records of his treatment or that they in fact contain the *information that they purport to contain.*" (emphasis in original). They state that Plaintiff can still raise his arguments concerning the contents of his medical records in response to their motion for summary judgment.

In response to the motion, Plaintiff states that Defendants have not adequately responded to his discovery requests.[2] He states that Defendants' motion "takes the form of a dispositive motion," is premature, and seeks relief to which Defendants are not entitled. Further, Plaintiff states that the motion "seeks to use subterfuge to get this honorable court to 'authenticate' corrections records containing falsified and libelous entries made by the defendants. These falsified entries are parts of my complaints against these defendants."

## II.

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A party shall respond with a written answer or objection within thirty days of being served. Fed. R. Civ. P. 36(a)(3). The Federal Rules dictate

---

[2]Plaintiff's motions to compel discovery have been addressed by separate Orders.

3

that an answer to a request for admission, if not admitted, "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).

> A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). An objecting party must state the grounds for an objection. Fed. R. Civ. P. 36(a)(5).

A "party may move to determine the sufficiency of an answer or objection" to a request for admission. Fed. R. Civ. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. *Id*.

Defendants argue that Plaintiff's responses to the requests for admission are insufficient under Fed. R. Civ. P. 36(a)(4). This Rule indicates that a party may either "specifically deny" the request for admission or "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). The Court finds that Plaintiff's responses to the requests for admission and response to the instant motion sufficiently state why he believes he cannot truthfully admit or deny the requests. Defendants argue essentially that Plaintiff can authenticate the medical records and can later dispute their contents in response to their motion for summary judgment. The Court is not going to order that Plaintiff admits to the authenticity of the medical

4

records when he clearly disputes them.  If Defendants wish to authenticate the medical records, they must do so through other means.  Accordingly,

**IT IS ORDERED** that Defendants' motion (DN 70) is **DENIED**.

Date:

cc:   Plaintiff, *pro se*
      Counsel of Record
4413.010