UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JOE A. BROWDER, JR.                                                      PLAINTIFF

v.                                             CIVIL ACTION NO.  5:11CV-P29-R

PHILIP PARKER *et al.*                                                  DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on two motions to compel filed by Plaintiff Joe A.

Browder, Jr., seeking discovery from Defendants Belt, Dunlap, Edmonds, Knight, Rapien, and

Hiland.

### A.      Motion to compel production of contracts and complaint letters (DN 96)

Plaintiff filed a "supplement to discovery status report; notice of subversion and refusal

to comply with discovery requests by Defendants Dunlap, Knight, Belt, Hiland, Edmonds, and

Rapien; and motion for appropriate relief from Court" (DN 96).  The Court construes the motion

as a motion to compel discovery responses.  Plaintiff seeks the production of copies of contracts

and complaint letters he sent regarding the Kentucky State Penitentiary.

With regard to the contracts he requested, Plaintiff's interrogatory number 6 states as

follows:

> State the provision(s) of any contract(s) between CorrectCare
> Integrated Health, Inc. and the Kentucky Department of
> Corrections and/or the Kentucky Justice and Public Safety Cabinet
> and/or the Commonwealth of Kentucky and/or the Kentucky State
> Penitentiary that allows CorrectCare Integrated Health, Inc.
> employees to file or initiate disciplinary actions against state
> prisoners.

Defendants Belt, Dunlap, Edmonds, Knight, Rapien, and Hiland responded to interrogatory

number 6 as follows:  "None of these Defendants has a contract with Correct Care.  Correct Care

provides medical care under a contract with the University of Kentucky."

Plaintiff's request for production number 6 states as follows:

> Submit a copy of each contract to provide medical services existing between CorrectCare Integrated Health, Inc. and the Kentucky Justice and Public Safety Cabinet and/or the Kentucky Department of Corrections and/or the Commonwealth of Kentucky and/or the Kentucky State Penitentiary.

These Defendants responded, "Neither the Department of Corrections nor the Justice and Public Safety Cabinet has a contract with Correct Care.  Correct Care's contractual relationship is with the University of Kentucky."

Defendants state that the requested contract does not exist.  Even though the Court has "broad discretion in regulating discovery," *see Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), it generally cannot compel a party to produce an item not in that party's possession, custody, or control.  *See* Fed. R. Civ. P. 34(a)(1); *Potluri v. Yalamanchili*, No. 06-CV-13517-DT, 2008 U.S. Dist. LEXIS 32355, at *3 (E.D. Mich. Apr. 22, 2008).  Moreover, the Court "cannot compel the production of [items] that do not exist."  *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 620 (D. Kan. 2005); *Potluri*, 2008 LEXIS 32355, at *3.  Therefore,

**IT IS ORDERED** that Plaintiff's motion to compel production of contracts with CorrectCare (DN 96) is **DENIED**.

Plaintiff states in his motion that, "I now amend my interrogatory to include the 'alleged contract' between Correctcare Integrated Health and Kentucky University. . . ."  It is unclear if Defendants responded to this attempt to amend the interrogatory.  By separate Order entered this date, the Court extended the deadline discovery.  Plaintiff may wish to request the contract

through an amended discovery request or seek the contract from one of the parties to the contract through a subpoena.

Secondly, with regard to the copies of complaint letters Plaintiff seeks, request for production number 9 states as follows:

> Submit copies of each of my letters complaining of harassment or retaliation as were submitted to the Commissioner, Deputy Commissioner(s) and/or Ombudsman between March 1, 2009 and the present; as were forwarded to the Warden or Deputy Warden(s) of Kentucky State Penitentiary.

Defendants responded, "These Defendants have been able to find no such letters in their possession."

Request for production number 12 states: "Submit copies of each of my letters complaining of harassment or retaliation as were submitted to the internal affairs officer of Kentucky State Penitentiary between March 1, 2009 and the present." Defendants responded, "These Defendants have been able to find no such letters in their possession."

In his motion Plaintiff asserts, "It is my belief and assertion that the defendants are deliberately withholding said documents." In their response (DN 107) to Plaintiff's motion to compel, Defendants state, "Apparently, Plaintiff mistakenly believes that prison officials keep every letter an inmate writes to them. That is not the case. These Defendants made a good faith effort to find any such letters, and could find none." Defendants also state, "Plaintiff's allegation that these Defendants are deliberately withholding evidence is unfounded." In reply (DN 109), Plaintiff states that Defendants are required to place all letters complaining of harassment in an inmate's file and "[t]o fail to do so is indicative of misconduct."

Again, if the letters are not in Defendants' possession, custody, or control, the Court cannot compel Defendants to produce them. *See* Fed. R. Civ. P. 34(a)(1); *Potluri*, 2008 LEXIS 32355, at \*3. The Court adds that Plaintiff is requesting letters that he wrote himself and of which he could have kept a copy. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel production of complaint letters (DN 96) is **DENIED**.

**B.     Motion to compel production of lawsuits, medical grievances, and personnel files (DN 99)**

Plaintiff also moves to compel Defendants Belt, Dunlap, Edmonds, Knight, Rapien, and Hiland to respond to his interrogatory number 3 (DN 99). Interrogatory number 3 asks Defendants to state "all lawsuits and the dispositions thereof, filed against each of the defendants named above." Defendants responded as follows:

> These Defendants are not required to keep an exhaustive record of lawsuits filed against them. However, in making a good faith attempt to answer this Interrogatory these Defendants have compiled the attached list which contains the style, number and location of each suit. These Defendants Object to the remainder of this Interrogatory. The information it seeks is a matter of public record and, thus available from sources [other] than these Defendants.

However, in these Defendants' response to the motion (DN 108), Defendants cite their response to *request for production* number 3, which asks Defendants to submit "copies of all my medical grievances, including appeals at all levels . . . from March 1, 2009 to the present." Defendants state that they have made a good faith effort to find any responsive medical grievances. In his reply (DN 111) to Defendants' response, Plaintiff states that he is entitled to copies of the medical grievances.

To the extent that Plaintiff moves to compel Defendants Belt, Dunlap, Edmonds, Knight, Rapien, and Hiland to produce more information concerning "all lawsuits and dispositions thereof" filed against these Defendants, the Court finds that Defendants' response to interrogatory number 3 was sufficient.  To the extent that Plaintiff moves to compel Defendants to produce more copies of his medical grievances, as stated above, the Court cannot order a party to produce something that does not exist.  *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. at 620.  Therefore,

**IT IS ORDERED** that Plaintiff's motion to compel Defendants to produce a list of all lawsuits and/or copies of his medical grievances (DN 99) is **DENIED**.

Secondly, Plaintiff moves to compel Defendants Belt, Dunlap, Edmonds, Knight, Rapien, and Hiland to produce their redacted personnel files.  Plaintiff states that the Court has ordered them to do so and states that Defendants are raising blanket objections.  In response (DN 108), Defendants state as follows:

> (1) Clearly, giving Department of Corrections personnel records to past or current prisoners would be a grave security risk; (2) The Request is intended to harass and/or embarrass the Defendants by publishing personal, confidential, and irrelevant information; (3) This Request is not likely to lead to the discovery of information relevant to this lawsuit; (4) This Request seeks information which is confidential and would violate the privacy rights of these Defendants.

Defendants also state that, alternatively, Plaintiff could be "required to cite the specific relevant information he seeks" or that the personnel files could be produced for *in camera* review.

In reply (DN 111), Plaintiff states that the Court has ordered Defendants to produce their personnel files and Defendants agreed to produce them.  He also states, "The defendants' character has been called into question in my complaints.  At least one defendant was terminated

from employment for actions similar to those stated in my complaint.  Another defendant

resigned while under investigation for criminal and civil misconduct."

The Court first notes that it has not ordered Defendants to produce the personnel files.

By its March 14, 2012, Order, the Court ordered Defendants to provide individualized responses

to each discovery request, rather than raise blanket objections.  However, the Order stated,

"Should these Defendants have a good faith, factually and legally applicable objection to a

particular request, they remain free to assert such objection."  Defendants did not provide a

blanket objection to this interrogatory and raise what appears to be a good faith objection to the

production of their personnel files.

Upon consideration, the Court is concerned about the security risk raised in requiring

Defendants, employees at Kentucky State Penitentiary, to produce their entire personnel files.

Therefore,

**IT IS ORDERED** that the motion to compel Defendants to produce their personnel files

(DN 99) is **DENIED**.

However, the Court believes that documents in the personnel files concerning

disciplinary actions against Defendants for actions taken against prisoners similar to those

Plaintiff alleges in this lawsuit could be "reasonably calculated to lead to lead to the discovery of

admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Therefore, **IT IS ORDERED** that Plaintiff shall

have **30 days** to serve discovery requests related to records of disciplinary actions.  The

discovery requests shall identify the specific grounds for the disciplinary actions for which

Plaintiff seeks records.

Date:




cc:       Plaintiff, *pro se*
          Counsel of record
4413.010