UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:11-CV-00029

JOE A. BROWDER                                                                                               PLAINTIFF

v.

PHILIP PARKER, *ET AL.*                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion for summary judgment by Defendants Sarah Gish, Scott Turnbow, and Tanya Pemberton. Defs.' Mot. Summ. J., DN 123. The Plaintiff has responded. Pl.'s Resp., DN 124. The Defendants have replied. Defs.' Reply, DN 126. This matter is now ripe for adjudication. Having considered the matter and being fully advised, the Defendants' motion is GRANTED.

**I.**

Plaintiff Joe A. Browder ("Browder") is a former inmate of the Kentucky Department of Corrections. The events giving rise to this lawsuit occurred while Browder was incarcerated at the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky. As a *pro se* plaintiff, Browder has filed multiple letters, motions, and other documents with the courts of the Western District. Upon review it appears that he has filed at least three documents that can be construed as formal complaints. *See* DN 7; DN 11; DN 17. The earliest of these complaints was filed on October 21, 2010, ("October 2010 Complaint") on a standardized motion form, but its contents were in the nature of a complaint. Liberally construing the October 2010 Complaint shows that it complies with the Federal Rules of Civil Procedure by naming specific defendants, stating grounds for the Court's jurisdiction, detailing Browder's claims, and demanding relief. *See* Fed. R. Civ. P. 3, 8, 10. Browder filed two other complaints, one on December 21, 2010, and another on February

28, 2011, on court-provided forms used to help *pro se* prisoners pursue violations of their rights protected by 42 U.S.C. § 1983.  *See* DN 11; DN 17.

All three complaints name Sarah Gish, Scott Turnbow, and Tanya Pemberton as defendants ("Gish," "Turnbow," and "Pemberton," individually, or "Defendants," collectively). These Defendants are current or former employees of CorrectCare-Integrated Health, Inc., which provides nursing and health-related services to inmates at Kentucky's correctional facilities. Browder claims that Gish filed a false disciplinary report against Browder for the purposes of denying him access to Dr. Ron Tilford, an ophthalmologist treating Browder's eyes, and also deliberately withheld his blood pressure medication.  Oct. Compl., DN 7, p. 4, cl. 15.  According to Browder, these actions caused additional damage to his eyesight, aggravated a preexisting ocular condition, and caused legal blindness in his right eye.  *Id.*  The Court identified these allegations as an Eight Amendment denial-of-medical-care claim against Gish in her individual capacity and allowed the claim to proceed past the initial screening.  *See* Mem. Op. & Order, DN 22, p. 20.

Additionally, Browder claims that Turnbow retaliated against him for filing medical grievances about his blood pressure medicine and refused to administer this medication to him for an entire month.  Oct. Compl., DN 7, p. 4, cl. 16.  Browder believes that these actions caused hypertension, which damaged his eyesight, aggravated a preexisting ocular condition, and caused legal blindness in his right eye.  *Id.*  The Court identified these allegations as a First Amendment retaliation claim and an Eight Amendment denial-of-medical-care claim against Turnbow in his individual capacity and allowed the claims to proceed past the initial screening.  *See* Mem. Op. & Order, DN 22, pp. 20-21.

Finally, Browder alleges that Pemberton deliberately withheld his blood pressure

medication on several occasions and, on one occasion, went so far as to show Browder his medication but refuse to administer it to him. Oct. Compl., DN 7, p. 5, cl. 17. Browder claims that Pemberton's actions aggravated his hypertension, glaucoma, preexisting ocular condition, and the legal blindness in his right eye. *Id.* The Court identified these allegations as an Eight Amendment denial-of-medical-care claim against Pemberton in her individual capacity and allowed the claim to proceed past the initial screening. *See* Mem. Op. & Order, DN 22, p. 21.

The Defendants now move for summary judgment on three grounds. First, Browder's claims arising under 28 U.S.C. § 1983 are time-barred by Kentucky's one-year statute of limitations. Second, the Defendants were not deliberately indifferent to Browder's serious medical needs in violation of the Eighth Amendment. Third, Defendant Turnbow did not retaliate against Browder in violation of the First Amendment. Because the Court holds that the Plaintiff's claims are time-barred it need not considered the Defendants' remaining arguments.

## II.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the

trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1).  Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### III.

Defendants Gish, Turnbow, and Pemberton are entitled to summary judgment because Browder's § 1983 claims are time-barred by Kentucky's one-year statute of limitations for personal injuries.

Title 42, section 1983, of the United States Code states that any person "who . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.  When enacting § 1983, Congress failed to or chose not to include a statute of limitations for violations of the statute.  "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).  In *Wilson*, the U.S. Supreme Court held that § 1983 claims are most analogous to personal injury claims, and because § 1983 does not contain its own statute of limitations, courts should apply the personal injury statute of limitations of the state where the injury occurred. *Id.* at 276-80.  The Court

further clarified the interaction of § 1983 and personal injury statutes of limitations in *Owens v. Okure* and held that "where state law provides multiple statues of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statue [of limitations] for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).

Kentucky has multiple statutes of limitations for causes of action not relating to real property.  *See* K.R.S. § 413.080 *et seq*.  The residual statute guides that, "an action for an injury to the person of the plaintiff" must be "commenced within one (1) year after the cause of action accrued[.]"  K.R.S. § 413.140(1)(a).  Interpreting this statute, the Sixth Circuit has held that "section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a)."  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  Under the reasoning of *Wilson*, *Owens*, and *Collard*, any of Browder's § 1983 claims not pled within one year of the accrual of the cause of action must be dismissed.

Turning to the present case, the Court must first determine when Browder commenced this action against the Defendants.  Although a seemingly simple question, it is a point of great dispute between the parties.  The Defendants claim that Browder did not file a complaint against them until October, 21, 2010.  According to Browder, he intended for the Defendants to be parties since March 15, 2010, the date of the first docket entry.

On March 15, 2010, Browder sent a letter to Judges Simpson and McKinley alleging that the consent decree established in *Kendrick v. Bland*, 659 F. Supp. 1188 (W.D. Ky. 1987), had been violated and that he was being retaliated against for seeking to report this violation.  *See* Letter, DN 1. Nothing in the letter mentions the Defendants, Browder's medical issues related to his eyes, or the denial of any medical services whatsoever.  The Court opened a new civil action based on Browder's letter, assigning it case number 3:10-CV-00381.  In a subsequent letter to

5

the Court, dated September 26, 2010, Browder acknowledged that he had "no prior knowledge of said action 'No. 10-CV-381,'" but learned of it through another case he had pending before the Court. *See* Letter, DN 5. At that time, he requested a copy of the docket sheet for case number 3:10-CV-381 in order to "explore my options and . . . how to or how not to proceed in said action." *Id.* In a letter dated October 17, 2010, Browder notified the Court the he intended to proceed with case number 3:10-CV-381 but, again, does not mention the Defendants in any way. *See* Letter, DN 6. Finally, on October 21, 2010, Browder's "October 2010 Complaint" was docketed with the Court. *See* Oct. Compl., DN 7. This document, although not filed on the correct form, is in the form of a complaint and clearly includes allegations against the Defendants. The case was eventually reassigned to this Court and received a new case number during reassignment. *See* Case Assignment, DN 16.

For the purposes of this case, the Court finds that October 21, 2010, is the first date that the Defendants had or could possibly have had notice of this action. Browder's contention that this case commenced on March 15, 2010, is contradicted by his own words in his response brief. He asserts that "these defendants were intended as defendants from the onset and were named individually with complaints against them set out, per orders of this honorable court." Pl.'s Resp., DN 124, p. 2. The filings in this case indisputably demonstrate that the Defendants were not individually named until October 21, 2010. Furthermore, Browder cannot credibly argue that the October 2010 Complaint relates back to the March 15, 2010, filing.

Relation back is governed by Federal Rule of Civil Procedure 15(c). Of particular importance for this case, an amendment to the pleadings that changes a party relates back to the date of the original pleading if:

> Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m), for serving the summons and complaint, the party to be brought in by amendment: (i)

> received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(C). The Defendants in this case did not know, and could not have known, about the action against them prior to the filing of the October 2010 Complaint. Accordingly, the Court will use October 21, 2010, the date of the original complaint, as the date that Browder commenced this action.

### A. Defendant Scott Turnbow.

Liberally construing his filings, Browder's original complaint was filed on October 21, 2010. Although he asserts claims against all of the Defendants, only the allegations against Turnbow can be connected to a specific date. Browder claims that Turnbow, in retaliation for filing medical grievances, refused to give Browder his blood pressure medication for more than a month. *See* Oct. Compl., DN 7, p. 4, cl. 16. Browder allegedly reported Turnbow's actions to Dr. Ron Tilford on August 5, 2009. Oct. Compl., DN 7, p. 4, cl. 16.

Browder's medical records, as provided by the Defendants,[1] contain an entry from August 5, 2009. Medical Rs., DN 123-2, p. 38. On that date, Dr. Tilford makes note of Browder's claim that "back in June [of 2009] the prison stopped giving him his blood pressure medication. At that time [Browder] says his vision became worse." *Id.* Assuming that the allegations in Browder's October 2010 Complaint are true and that Turnbow is who Browder refers to as "the prison," Browder's causes of action Turnbow would have accrued, *at their latest*, in August 2009. In order for his case to proceed within the period prescribed by Kentucky's statute of limitations, Browder should have filed his complaint on or before August

---

[1] The Defendants attached a copy of Browder's medical records to their motion for summary judgment. *See* Medical Rs., DN 123-2. Although such records are normally hearsay, which may not be considered in a motion for summary judgment, the records were kept in the course of a regularly conducted activity and the rule against hearsay does not apply. *See id.* at p. 1; Fed. R. Civ. 803(6).

7

5, 2010. Browder's complaint against Turnbow was filed on October 21, 2010, at least two full months after his claims became time-barred by the statute of limitations. Accordingly, Browder's claims against Defendant Turnbow are now barred by Kentucky's statute of limitations and are **DISMISSED**.

### B. Defendant Sarah Gish.

In his complaint, Browder alleges that Gish prevented him from receiving medical treatment and withheld his blood pressure medication, both of which caused injury to his eyesight. *See* Oct. Compl., DN 7, p. 4, cl. 15. Unlike his claims against Turnbow, Browder fails to provide any specific dates for his claims against Gish. Browder's medical records do, however, contain an entry about an incident between Browder and Gish, which, if liberally construed, may be the confrontation in which Gish allegedly prevented Browder from receiving medical treatment from Dr. Ron Tilford. *See* Medical Rs., DN 123-2, pp. 29-31.

On April 29, 2009, Browder, who was scheduled to have an eye operation, sought a pre-operation consultation with Dr. Ron Tilford. Browder was not allowed to have a consultation, however, because he had received such a consultation on his prior visit with Dr. Tilford. Browder evidently interprets this event as Gish denying him access to his doctor, although the record does not corroborate his claim. When he was not allowed to speak with Dr. Tilford, Browder became belligerent and rude and the procedure was postponed until Browder had undergone a psychological evaluation. Even if the events of April 29, 2009, were forced upon Browder and even if they resulted in an injury to Browder's eyes, both of which the record does not reflect, these events took place more than one year before Browder filed the October 2010 Complaint and are thus barred by Kentucky's one-year statute of limitations.

In addition to being denied medical treatment, Browder claims that Gish injured his eyes

by withholding his blood pressure medication. *See* Oct. Compl., DN 7, p. 4, cl. 15. Again, Browder fails to provide any specific dates for this event. Gish notes in Browder's medical records on July 8, 2009, that he had been off his blood pressure medication for a week and was experiencing tightness in his chest and high blood pressure. Medical Rs., DN 123-2, p. 35. After this date, Browder's medical records contain no other evidence of an interaction between Browder and Gish. Any injury that Gish caused Browder as a result of this incident would have occurred more than one year before he filed his October 2010 Complaint. Browder has failed to timely assert any claims against Gish that resulted from her withholding his blood pressure medication. Accordingly, Browder's claims against Defendant Gish are now time-barred and are **DISMISSED**.

### C. Defendant Tanya Pemberton.

Finally, Browder claims that Pemberton injured his eyesight by deliberately withholding his blood pressure medication. *See* Oct. Compl., DN 7, p. 5, cl. 16. Once again, however, Browder fails to provide any specific dates to substantiate his claim. Furthermore, the Court has reviewed Browder's medical records and finds no mention of Pemberton or any indication that she ever treated or interacted with Browder during the time periods relevant to this case. Simply put, aside from the conclusory allegations contained in his complaint, Browder has presented no evidence to support his cause of action against Pemberton. Pemberton now claims that she never treated or otherwise interacted with Browder and that there is no genuine dispute on this issue. Her argument is supported by the lack of any documentation in Browder's medical records establishing a link between the two. When a party, such as Browder, fails to "properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and the supporting materials–including the facts considered undisputed–

show that the movant is entitled to it." Fed. R. Evid. 56(e)(3).  In the face of a properly supported motion for summary judgment, the plaintiff must present evidence on which the trier of fact could reasonably find for him.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  Browder has failed to present any evidence support his claims against Pemberton.  Furthermore, the Court finds no record that he filed his claim against her within the applicable statute of limitations.  Accordingly, his claims against Defendant Pemberton are **DISMISSED.**

## CONCLUSION

Defendants Sarah Gish, Scott Turnbow, and Tanya Pemberton move for summary judgment on all claims asserted against them by Plaintiff Joe Browder.  For all of the foregoing reasons, the Defendants' motion is **GRANTED**.  Accordingly, **IT IS HEREBY ORDERED** that the claims against the Defendants are **DISMISSED WITH PREJUDICE.**

cc:

Counsel

Joe Browder
614 W. Breckinridge St.
Apt. A4
Louisville, KY 40203