UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00029-TBR

JOE A. BROWDER							PLAINTIFF

v.

PHILIP PARKER, *ET AL.*						DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for summary judgment by Defendants Larry Cranor, Cody Edmonds, Chad Knight, Troy Belt, Leonard Rapien, Chanin Hiland, and Joel Dunlap. (Defs.' Mot. Summ. J., Docket Number ("DN") 133.) The Plaintiff has responded. (Pl.'s Resp., DN 135.) The time to reply has expired. Having considered the matter and being sufficiently advised, the Defendants' motion is **GRANTED**.

I.

Plaintiff Joe Browder ("Browder"), a former inmate at the Kentucky State Penitentiary ("KSP"), filed his amended, *pro se* complaint on February 28, 2011, while still incarcerated. (Compl., DN 17.) He alleges that the Defendants, all former or current employees of KSP, violated his various statutory and constitutional rights during the time he was housed at that institution in violation of 42 U.S.C. § 1983. Browder's claims will be explored in greater detail as the specific allegations against each Defendant are addressed below.

The Defendants now move for summary judgment on Browder's claims on three grounds. First, Browder's causes of action should be dismissed because he has failed to administratively exhaust those claims as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Second, even if properly exhausted, Browder's claims should be dismissed because the Defendants are entitled to qualified immunity. Finally, Browder's allegations that the

1

Defendants retaliated against him for engaging in activity protected by the First Amendment should be dismissed because Browder cannot establish the *prima facie* case of retaliation as a matter of law.

**II.**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## III.

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust the administrative remedies of their particular prison system prior to commencing a legal action. As specifically provided by the statute, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 918-19 (2007). This is true even where a prisoner seeks certain types of relief, such as money damages, that cannot be granted by the administrative process. *Booth v. Churner*, 532 U.S. 731, 734 (2001).

Failure to exhaust is an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. That is not to say, however, that "failure to exhaust cannot be a basis for dismissal for failure to state a claim." *Id.* Rather, the burden falls on the defendant to show that the plaintiff has not exhausted and that dismissal is warranted as a result.

Finally, an inmate's case may be dismissed for failure to exhaust where it is shown that that the inmate did not "properly" exhaust. *Woodford v. Ngo*, 548 U.S. 81 (2006). To "properly" exhaust means that the inmate "'complete[d] the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that

define the boundaries of proper exhaustion." *Id.*

In the present case, Plaintiff Browder was required to exhaust his claims against the Defendants in accordance with Kentucky Department of Corrections Policy and Procedure ("CPP") 14.6. CPP 14.6 contains two separate grievance processes, CPP 14.6(II)(J), which pertains to "all inmate grievances with the exception of grievances pertaining to health care concerns," and CPP 14.6(II)(K), which contains the procedure prisoners must follow to file health care grievances. (*See* CPP 14.6, DN 113-1, pp. 7-16.) Browder's failure to use these grievance procedures entirely, or his failure to use them properly, is the affirmative defense upon which the Defendants now seek dismissal. The Court considers whether Browder exhausted his claims against each individual Defendant as follows.

**A. Defendant Larry Cranor.**

In his complaint, Browder alleged that Defendant Cranor "made derogatory remarks and threats on my life" because of pending legal actions Browder filed against the prison staff.[1] (Compl., DN 17, p. 7, cl. 3.) The Court identified these allegations as a claim First Amendment retaliation claim and allowed it to proceed past the initial screening. (*See* Mem. Op. & Order of June 15, 2011, DN 22, pp. 12-13.)

Browder's claim against Defendant Cranor must now be dismissed because the Defendants have shown that he failed to exhaust this claim as required by the PLRA. In support of his claims Browder directs the Court to pages A59 to A73 attached to his original complaint. The Court has reviewed these documents, but none show that Browder exhausted his claim against Defendant Cranor. A59 (DN 7-3, p. 21), dated July 21, 2010, is a memorandum from Bruce Von Dwingelo acknowledging receipt of a letter from Browder and directing him to

---

[1] In Browder's complaint these claims were alleged against an Officer "Cramer" or "Conner." Defendant Cranor later acknowledged that he was the officer mistakenly identified as Officer Cramer/Conner. (*See* Waiver of Service, DN 82.)

Internal Affairs regarding any threats made against him. A60 through A61 (DN 7-3, pp. 22-23), dated July 13, 2012, and A72 (DN 7-3, p. 34), dated July 31, 2010, are copies of letters Browder sent to Kentucky Governor Steve Beshear regarding threats he supposedly received from Defendant Cranor. A70 (DN 7-3, p. 32), dated July 23, 2010, and A73 (DN 7-3, p. 35), dated August 5, 2010, acknowledge receipt of the letters sent to Governor Beshear and inform Browder that they have been forwarded to the Kentucky Department of Corrections. A62 through A65 (DN 7-3, pp. 24-27), dated April of 2010, are copies of letters Browder received from "Lucas," an inmate at KSP. The letters state that Lucas overhead Defendant Cranor threaten Browder and that Lucas sent Browder an affidavit testifying to that fact. A71 (DN 7-3, p. 33), dated July 9, 2010, is a "Witness and/or Document Request" filed by Browder seeking production of the letters that inmate Lucas sent him regarding Defendant Cranor's threats. Finally, A66-69 (DN 7-3, pp. 28-31), dated May 19, 2010, is a copy of a court order in a separate and unrelated civil action filed by Browder.

None of these documents are grievances Browder filed against Defendant Cranor as required by CPP 14.6. Accordingly, his First Amendment retaliation claim has not been exhausted as required by the PLRA. Even if the above-referenced documents are given a most liberal construction, Browder has still failed to properly exhaust his remedies because none of the grievances have been filed on the proper forms (*see* CPP 14.6(II)(J)(1)(a)(1), DN 113-1, p. 7) nor is there any evidence that Browder appealed any adverse decision through the proper channels (*see* CPP 14.6(II)(J)(1)-(4) (listing the four steps an inmate must pursue in order to administratively exhaust)). Furthermore, by affidavit, Skyla Grief, the Classification and Treatment Officer at KSP, has sworn to the Court that she reviewed the file containing all grievances filed by Browder and that that the file does not contain any grievance Browder filed

5

against Defendant Cranor. (Aff. Skyla Grief, DN 133-4.) Accordingly, Browder's claims against Defendant Cranor are hereby **DISMISSED** for failure to exhaust.

### B. Defendant Cody Edmonds.

Browder next alleges that Defendant Edmonds "withheld my food on several occasions and verbally harassed me and filed falsified disciplinary reports against me . . . in retaliation for my administrative grievances against him . . . ." (Compl., DN 17, pp. 7-8, cl. 6.) The Court also identified these allegations as a First Amendment retaliation claim and allowed it to proceed past the initial screening. (*See* Mem. Op. & Order of June 15, 2011, DN 22, pp. 14-15.)

Browder's claim against Defendant Edmonds must now be dismissed because the Defendants have shown that he failed to properly exhaust this claim as required by the PLRA. In support of his claim, Browder directs the Court pages A4 to A8 attached to his original complaint. The Court has reviewed these documents, and although they all contain allegations relating to Grievance Number 09-05-007-P, Browder's claims must be dismissed because they were not *properly* exhausted. A4 (DN 7-1, p. 6), dated May 6, 2009, is a grievance form in which Browder claims that Defendant Edmonds refused to include a salad with one of Browder's meals. A6 (DN 7-1, p. 10), dated June 2, 2009, is a letter from Browder to Duke Pettit, the KSP Grievance Coordinator, in which Browder states that he disagrees with the informal resolution of Grievance Number 09-05-007-P. A5 (DN 7-1, p. 8), dated June 16, 2009, is an appeal from the grievance coordinator's attempt to resolve Grievance Number 09-05-007-P. In this document, Browder does not mention the salad incident, and, for the first time, alleges that Defendant Edmond lied, placed contraband in Browder's cell, and filed false disciplinary reports against Browder regarding the contraband. A7 (DN 7-1, p. 11), dated July 10, 2009, is an appeal from Grievance Number 09-06-007-P, not Grievance Number 09-*05*-007-P. The same applies to A8

6

(DN 7-1, p. 13), dated July 22, 2009, which is a decision by the Commissioner of the Kentucky Department of Corrections. Furthermore, neither A7 nor A8 mentions Defendant Edmonds by name or alleges any actions that can reasonably be attributed to him. Accordingly, the only documents that relate in any way to the exhaustion of claims against Defendant Edmonds are, chronologically, A4, A6, and A5.

Upon further review of A4, A6, and A5, the Court finds that Browder has not properly exhausted his First Amendment retaliation claim against Defendant Edmonds. Browder's attempts to exhaust violate the procedures set forth in CPP 14.6, and failure to *properly* exhaust is equivalent to failing to exhaust. *See Woodford*, 548 U.S. at 88. Specifically, Browder's initial grievance, A4, alleges that Defendant Edmonds refused to give him a salad with his meal. On appeal, A5, Browder fails to appeal any decision relating to the salad incident, instead arguing, for the first time, that Defendant Edmonds falsified reports against him and placed contraband in his cell. CPP 14.6(II)(J)(1)(a)(3) requires that all grievances "shall pertain to one issue. Separate grievances shall be filed for separate issues and unrelated incidents." (CPP 14.6, DN 113-1, p. 8.) Accordingly, Browder did not follow proper administrative procedures when raising new issues on appeal, and, therefore, did not properly exhaust. Browder's claims against Defendant Edmonds are hereby **DISMISSED** for failure to properly exhaust.

### 3. Defendant Chad Knight.

Browder next alleges that Defendant Chad Knight "falsified disciplinary reports against me based solely on my race and pending civil actions . . . [and filed] more falsified disciplinary reports based on my administrative grievance against Officer Edmonds . . . ." (Compl., DN 17, p. 7, cl. 5.) The Court also identified these allegations as a First Amendment retaliation claim and allowed it to proceed past the initial screening. (*See* Mem. Op. & Order of June 15, 2011,

DN 22, pp. 14-15.)

Browder's claim against Defendant Knight must now be dismissed because the Defendants have shown that he failed to exhaust this claim as required by the PLRA. In support of his claim Browder again directs the Court to pages A4 to A8 attached to his original complaint. These are the same documents Browder references in regard to Defendant Edmonds above. Upon review, the Court can find no mention of Defendant Knight in any of these documents. There is no proof in the record that Browder filed any grievance against Defendant Knight prior to instituting this lawsuit. Furthermore, CPP 14.6(II)(J)(1)(a)(4) requires inmates to "include all aspects of the issue and identify *all individuals* in the 'Brief Statement of the Problem." CPP 14.6, DN 113-1, p. 8 (emphasis added). Even if A4 through A8 somehow related to Defendant Knight, Browder failed to identify Defend Knight in those documents and therefore did not properly exhaust in accordance with the established procedures. Furthermore, by affidavit, Skyla Grief, the Classification and Treatment Officer at KSP, has sworn to the Court that she reviewed the file containing all grievances filed by Browder and that that the file does not contain any grievance Browder filed against Defendant Knight. (Aff. Skyla Grief, DN 133-4.) Accordingly, Browder's claims against Defendant Knight are **DISMISSED** for failure to exhaust.

### 4. Defendant Troy Belt.

Browder next alleges that Defendant Troy Belt "repeatedly opened my legal mail in my absence . . . ." (Compl., DN 17, p. 9, cl. 10.) The Court identified these allegation as a potential violation of an inmate's First Amendment right to use the mail and allowed the claim to proceed past the initial screening. (*See* Mem. Op. & Order of June 15, 2011, DN 22, pp. 17-18.)

Browder's claim against Defendant Belt must now be dismissed because the Defendants

have shown that he failed to exhaust this claim as required by the PLRA. In support of his claim, Browder directs the Court to "page 42" attached to his original complaint. Upon review, it was appears that Browder was referring to page A42 attached to the original complaint, and because page A41 relates to A42, the Court also considers that document as it might pertain to Defendant Belt. A41 (DN 7-3, p. 3), dated July 21, 2010, is an appeal to KSP's warden regarding Grievance Number 10-06-028-P. This appeal neither mentions Defendant Belt nor contains any allegation that anyone at KSP opened Browder's legal mail outside of his presence. A42 (DN 7-3, p. 4), dated August 10, 2010, is an appeal to the Commissioner of the Kentucky Department of Correction on Grievance Number 10-06-028-P. Once again, Browder has failed to include any specific allegations against Defendant Belt in either grievance form or to allege that any KSP correctional officer interfered with his legal mail in any way. Browder has failed to identify or properly name the individuals against whom he filed his grievance. Failure to do so is a violation of CPP 14.6(II)(J)(1)(a)(4) and is ground for dismissal for failure to exhaust. Furthermore, by affidavit, Skyla Grief, the Classification and Treatment Officer at KSP, has sworn to the Court that she reviewed the file containing all grievances filed by Browder and that that the file does not contain any grievance Browder filed against Defendant Belt. (Aff. Skyla Grief, DN 133-4.) Accordingly, Browder's claims against Defendant Knight are **DISMISSED** for failure to exhaust.

**5. Defendant Leonard Rapien.**

Browder next alleges that Defendant Rapien "placed me in a feces-riddled cell" for two weeks. (Compl., DN 17, p. 9, cl. 12.) The Court identified these allegation as an Eighth Amendment claim based on Browder's conditions of confinement and allowed the claim to proceed past the initial screening. (*See* Mem. Op. & Order of June 15, 2011, DN 22, pp. 18-19.)

9

Browder's claim against Defendant Rapien must now be dismissed because the Defendants have shown that he failed to properly exhaust this claim as required by the PLRA. In support of his claim, Browder directs the Court to pages A9 to A23 attached to his original complaint. The Court has reviewed these documents, but none show that Browder exhausted his claim against Defendant Rapien. A9 (DN 7-1, p. 14), dated June 5, 2009, is the grievance form for Grievance Number 09-06-008-P and contains Browder's complaint for allegedly being detained in a "feces-riddled cell." This form never mentions Defendant Rapien or any role he may have played in placing Browder in this cell. The second page to A9 (DN 7-1, p. 15), dated June 8, 2008, is KSP's informal resolution to Browder's grievance and contains a hand-written objection by Browder. Again, nothing in the response or objection can be construed as an allegation against Defendant Rapien. A10 (DN 7-1, p. 16), dated July 10, 2009, is Browder's appeal to the Commissioner of the Kentucky Department of Corrections regarding Grievance Number 09-06-008-P. In the appeal, Browder continues to assert that his placement in the cell violated his Eighth Amendment rights, but, once again, he fails to make any specific allegations against, or even mention, Defendant Rapien.

The remaining documents referenced by Browder, A11 through A18 (DN 7-1, pp. 18-15), and A19 through A23 (DN 7-2, p. 1-5), are various medical grievances and medical records relating to Browder's alleged exposure to feces. In short, these documents record Browder's request for medical treatment and the results of that treatment. Nothing in the medical records mentions Defendant Rapien or otherwise implicates him in these events. There is simply no evidence in the record to connect Defendant Rapien to these events or to show that Browder exhausted his claims against Defendant Rapien prior to filing this lawsuit. Furthermore, CPP 14.6(II)(J)(1)(a)(4) requires inmates to identify all issues and individuals against whom they are

filing a grievance. Browder has failed to name Defendant Rapien in any of his grievances or appeals and therefore has failed to properly exhaust. Furthermore, by affidavit, Skyla Grief, the Classification and Treatment Officer at KSP, has sworn to the Court that she reviewed the file containing all grievances filed by Browder and that that the file does not contain any grievance Browder filed against Defendant Rapien. (Aff. Skyla Grief, DN 133-4.) Accordingly, Browder's claims against Defendant Rapien are **DISMISSED** for failure to exhaust.

### 6. Defendant Chanin Hiland.

Browder next alleges that Defendant Hiland, "in retaliation for and based upon my lawsuit against her husband, Dr. Steven Hiland, . . . repeatedly denied me access to medical care, ignored my various medical grievances and requests, and retaliated against me for my medical grievances also by denying me medical care for institutionally-caused anemia." (Compl., DN 17, p. 10, cl. 14.) The Court identified these allegations as a First Amendment retaliation claim and allowed the claim to proceed past the initial screening. (*See* Mem. Op. & Order of June 15, 2011, DN 22, p. 20.)

Browder's claim against Defendant Hiland must now be dismissed because the Defendants have shown that he failed to exhaust this claim as required by the PLRA. In support of his claim, Browder directs the Court to pages A11 through A22 attached to his original complaint. The Court has reviewed these documents, and of them, only A11 (DN 7-1, p. 18) and A17 (DN 7-1, p. 24) could possibly be construed as being relevant to Browder's claims against Defendant Hiland. A11 is a medical grievance filed by Browder requesting that he be tested for various diseases that might result from his exposure to feces in his cell. Nothing in this grievance mentions Defendant Hiland or any retaliation she has taken against Browder. Furthermore, even if the medical grievance could be construed as a grievance against Defendant

Hiland, it would be improperly filed because CPP 14.6(II)(K)(1)(a)(3) clearly states that "[a] health care grievance shall not contain issues that do not relate to the health care of the grievant." CPP 14.6, DN 113-1, p. 13. The same goes for A17, which is Browder's appeal to the health care administrator. The grounds for Browder's appeal in this document are unclear. Even though the appeal mentions Defendant Hiland, it is clear that Browder makes no allegation of retaliation by Defendant Hiland in the appeal. And even if he did, the grievance is improperly contained in a medical appeal and is not on the proper grievance forms. The remaining documents, A12 through A16 and A18 though A22, are KSP's attempt to resolve Browder's medical grievances, Browder's authorization for release of medical records, and his actual medical records. Nothing in these documents mentions Defendant Hiland or could be construed as a properly exhausted grievance against her. Furthermore, by affidavit, Skyla Grief, the Classification and Treatment Officer at KSP, has sworn to the Court that she reviewed the file containing all grievances filed by Browder and that that the file does not contain any grievance Browder filed against Defendant Hiland. (Aff. Skyla Grief, DN 133-4.) Accordingly, Browder's claims against Defendant Hiland are **DISMISSED** for failure to exhaust.

**7. Defendant Joel Dunlap.**

Finally, Browder filed a claim against Defendant Dunlap "for filing two falsified and retaliatory 'disciplinary reports' against me for" seeking a declaratory judgment action in state court. (Compl., DN 17, pp. 14-15, cl. 20.) According to Browder, Dunlap's actions were "deliberate and malicious and done with the intent and purpose of harming me in my liberty interests, my person, my property, and my finances; based on my race, disability, and my pending state and federal civil actions." (*Id.*) The Court identified these allegations a as First Amendment retaliation claim and allowed it to proceed past the initial screening. (*See* Mem. Op.

& Order of June 15, 2011, DN 22, p. 21.)

Browder's claim against Defendant Dunlap must now be dismissed because the Defendants have shown that he failed to exhaust this claim as required by the PLRA. In support of his claim, Browder directs the Court to pages A78 to A80 attached to docket entry 9. The Court has reviewed these documents, but none show that Browder exhausted his claims against Defendant Dunlap. A78 (DN 9-1, p. 1), dated June 25, 2010, and A79 (DN 9-1, p. 2), dated July 15, 2010, are disciplinary reports filed by Defendant Dunlap *against* Browder. These clearly cannot be construed to show that Browder exhausted his claims against Defendant Dunlap. A80 (DN 9-1, p. 3), dated August 22, 2010, is an inmate grievance form filed by Browder. Browder filed this grievance while housed at "EKCC," the Eastern Kentucky Correctional Complex, not KSP. He alleges retaliatory action by an EKCC correctional officer whose name is illegible. Despite the form's partial illegibility, it is clear to the Court that this grievance was not filed against Defendant Dunlap. And even if it were, there is nothing in record demonstrating how this grievance was resolved or that Browder pursued it through the necessary channels of appeal before it would be exhausted under CPP 14.6. Furthermore, by affidavit, Skyla Grief, the Classification and Treatment Officer at KSP, has sworn to the Court that she reviewed the file containing all grievances filed by Browder and that that the file does not contain any grievance Browder filed against Defendant Dunlap. (Aff. Skyla Grief, DN 133-4.) Accordingly, Browder's claims against Defendant Hiland are **DISMISSED** for failure to exhaust.

As demonstrated through the above-conducted review, Browder has either failed to administratively exhaust or has failed to properly exhaust his claims against all the Defendants before the Court in this motion. For that reason, the Court need not consider the Defendants' alternative grounds for dismissal.

## CONCLUSION

Defendants Larry Cranor, Cody Edmonds, Chad Knight, Troy Belt, Leonard Rapien, Chanin Hiland, and Joel Dunlap moved for summary judgment on all claims. Each of these Defendants has shown that Plaintiff Joe Browder failed to exhaust his claims against them as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). For all of the foregoing reasons, **IT HEREBY ORDERED** that the motion for summary judgment is **GRANTED** and the claims against these Defendants are **DISMISSED WITH PREJUDICE.**

cc:

Counsel

Joe Browder
614 W. Breckinridge St.
Apt. A4
Louisville, KY 40203