UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00029-TBR

JOE A. BROWDER, JR.  Plaintiff

v.

PHILLIP PARKER, *et al.*  Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Joe Browder, Jr.'s "Motion for Reconsideration Based on Corrections Employees' Admitted Destruction of Grievances Proving Exhaustion and Motion for Judgment on My Summary Judgment Motion Against Thomas Crank." (Docket No. 138.) By Order of August 30, 2013, the Court denied Browder's motion for summary judgment as moot and also denied as moot the portion of Browder's instant Motion that seeks a ruling on his motion for summary judgment. (Docket No. 143, at 2.) The Court noted in that Order that the portion of Browder's Motion seeking reconsideration remained pending and that the Court awaited a response by Defendants. (Docket No. 143, at 2.) Those Defendants have not responded, and the time to do so now has passed. Accordingly, the Court will proceed to address Browder's pending Motion for Reconsideration, which the Court construes as one seeking relief under Fed. R. Civ. P. 59(e).

STANDARD

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F. 2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013). The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this Circuit put it, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision,

this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

DISCUSSION

In his instant Motion, Browder seeks reconsideration of the Court's August 5, 2013, grant of summary judgment in favor of Defendants Larry Cranor, Cody Edmonds, Chad Knight, Troy Belt, Leonard Rapien, Chanin Hiland, and Joel Dunlap, (*see* Docket No. 137). (Docket No. 138.) In this regard, Browder's Motion reads, in full:

> Comes now the Plaintiff and respectfully moves this Honorable Court for reconsideration of the order entered 08/05/2013 granting Summary Judgment to the various Defendant Corrections employees mentioned therein, and in doing so asks the Court to consider the grievances specified and enumerated in my Pleadings (all of which were exhausted), those attached thereto, and specifically those admitted to have been destroyed by Corrections employees in their answers to my Interrogatories and Requests for Productions and Admissions. These facts were inference [sic] in my Pleadings and were not considered by the Court.

(Docket No. 138, at 1-2.) Browder's instant Motion merely renews an argument previously raised in his response to Defendants' motion for summary judgment, which the Court already has considered and dismissed. (*See* Docket Nos. 135; 137.) In essence, Browder asserts that the Court erred by failing to consider certain grievances that he maintains were properly exhausted. It is not clear to the Court what grievances Browder refers to, as none appear in the record as attachments to Browder's Complaint, (*see*

Docket No. 1); his response to Defendants' motion for summary judgment,[1] (*see* Docket No. 135); or his instant Motion for Reconsideration, (*see* Docket No. 138). As noted above, "[w]here a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit," *Hitachi Med. Sys.*, 2010 WL 2836788, at *1, and, under the well-settled law of this Circuit, a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead*, 301 F. App'x at 489 (citing *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374), or otherwise to "merely restyle or rehash the initial issues," *White*, 2008 WL 782565, at *1. Quite simply, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). Accordingly, despite the fact that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519 (1972), the Court finds no basis to grant Browder the relief he presently seeks.

## CONCLUSION

Therefore, having considered Plaintiff Joe Browder, Jr.'s Motion to Reconsider, (Docket No. 138), and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider, (Docket No. 138), is DENIED.

Date:

cc: Joe A. Browder, *pro se*
      Counsel for Defendants

---

[1] "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record [or] showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).