UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 5:11-CV-29-GNS

JOE A. BROWDER, JR.                                              PLAINTIFF

V.

PHILLIP PARKER, *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment filed by Defendant Thomas Crank ("Crank") (DN 155). A response was filed and Crank given the opportunity to reply. The matter is now ripe for a disposition. Because Plaintiff Joe A. Browder, Jr. ("Browder") failed to exhaust administrative remedies, the motion is **GRANTED**.

## I.      SUMMARY OF FACTS AND CLAIMS

In February 2011, Plaintiff filed a *pro se* complaint asserting a litany of claims against various Kentucky State Penitentiary ("KSP") officials. (DN 17). Following a motion to dismiss, only Plaintiff's federal civil rights claims against eleven defendants were allowed to proceed. (Mem. Op. & Order, DN 22). All defendants, save Crank, filed a motion for summary judgment. (Defs.' Mot. for Summ. J., DN 133). The Court dismissed all claims against those ten defendants in August 2013. (Mem. Op. & Order, DN 137). On June 1, 2015, Crank also moved for summary judgment. (Def.'s Mot. for Summ. J., DN 155).

Browder was previously incarcerated at KSP, where Crank was an employee. Browder alleges that Crank and Leonard Rapien ("Rapien") placed Browder in a feces-riddled cell during

1

his incarceration. The Court has construed this as an Eighth Amendment conditions-of-confinement claim. (*See* Mem. Op. & Order 18-19, DN 22).

When this action was filed, Crank was no longer employed at KSP. He changed addresses, and defense counsel's attempts to contact him proved unsuccessful. (Resp. to Show Cause Order 1, DN 141). Under the mistaken impression that he could not be individually liable, Crank had failed to make an appearance. (Resp. to Show Cause Order 1). After appearing in this action, Crank seeks dismissal of all claims asserted against him for the same reasons the claims were dismissed against co-Defendant Rapien, which includes Browder's failure to exhaust administrative remedies.

## II.    <u>STANDARD</u>

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Not every issue of fact or conflicting inference presents a genuine issue of material fact . . . ." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Harstel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The plaintiff must present more than a mere scintilla of evidence in support of [his] position; the plaintiff must present 'evidence on which the jury could reasonably find for the plaintiff.'" *See id*. (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the

record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996) (citing *Anderson*, 477 U.S. at 247-49).

III.    **DISCUSSION**

Crank argues he is entitled to summary judgment because Browder failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") requires Section 1983 claims "with respect to prison conditions" be brought only after "administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Here, the governing procedure is that defined by the Kentucky Department of Corrections ("KDOC") in its Corrections Policies and Procedures manual ("CPP").[1] *See Laroche v. Hiland*, No. 3:09-CV-683-H, 2011 WL 5085597, at *3 (W.D. Ky. Oct. 25, 2011).

The KDOC procedures allow for grievances over, among others, "institutional policies and procedures" and "health care concern[s]." (CPP § 14.6(II)(B), DN 155-1; 501 KAR § 6:020). Browder maintains it was for these grievances that he filed his claim. (Resp. to Mot. for Summ. J. ¶ 3(b), DN 156). Under the CPP, healthcare grievances must "include all aspects of the issue in the written grievance that the grievant wants to be addressed . . . ." CPP § 14.6(II)(K)(1)(a)(4).

---

[1] Crank attached relevant provisions as Exhibit 1 to his motion, And the CPP is also available at http://corrections.ky.gov/communityinfo/Policies%20and%20Procedures/Pages/default.aspx.

All other grievances must "include all aspects of the issue and identify all individuals" to comport with the procedures. CPP § 14.6(II)(J)(1)(a)(4). Browder does not argue he complied with the CPP; despite the CPP's guidance that grievances "identify all individuals" or "all aspects," this Court could find no mention of Crank in Browder's grievances, a point Browder does not refute. Browder makes three arguments, however, that the CPP procedures do not apply to his grievance. These arguments effectively concede that should the CPP apply, Browder has not complied.

First, Browder argues his claim against Crank was a non-grievable issue, and thus not subject to the CPP. Browder is correct that his claim would not be subject to dismissal for failure to exhaust administrative remedies if his issue was non-grievable. *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004). The CPP classifies "disciplinary procedures" as non-grievable issues. CPP § 14.6(II)(C)(4). Browder argues because Crank's actions were "disciplinary actions" they are non-grievable and outside the scope of the CPP. He is incorrect that Crank's actions were non-grievable "disciplinary actions." Disciplinary proceedings are non-grievable because they "have their own appellate process that inmates must follow." *Brewer v. Corr. Corp. of Am.*, No. CIV.A 709CV89KKC, 2010 WL 398979, at *2 (E.D. Ky. Jan. 27, 2010). Thus, the issue would be non-grievable only if it were a formal disciplinary action (with its associated appellate process).

Here, while Browder claims he was placed in the cell for "retaliatory and falsified disciplinary action," it was not a formal disciplinary action. In fact, this Court previously dismissed Browder's claim for "falsified disciplinary reports" because of his failure to provide factual support. (Mem. Op. & Order 19, DN 22). Browder points to nothing in the record to indicate he was placed in the cell as part of formal disciplinary action. Further, prison officials

4

did not consider the issue non-grievable, as is evidenced by his adjudicated grievance. (Pl.'s Motion for Acceptance & Service of Mot. Ex. 1 at 13-14, DN 7-1). While prison officials adjudicating a non-grievable issue in error still relieves an inmate from exhaustion of administrative remedies, *see Figel*, 89 F. App'x at 971, there is no indication there was an error here. Browder filed a complaint about a grievable issue but neglected to name Crank in his grievance. This does not excuse his failure to exhaust administrative remedies.

Second, Browder argues because his grievance has been construed to be a conditions-of-confinement claim, it is not a "specific incident," and thus the CPP is inapplicable. This argument is flawed in two respects. Initially, just because this Court has construed Browder's legal claim against Crank as a conditions-of-confinement Eighth Amendment allegation, this does not alter his status during the grievance process. He complained of a specific instance of being housed in a feces-riddled cell by Crank, and was obliged to comply with the grievance procedure despite the Court's later characterization. Browder is confusing his legal claim in this Court with his formal grievance to prison officials. Further, Browder's contention that the "requirement that inmates identify all individuals . . . [applies] only in cases of grieving of specific incidents" misreads the CPP. (Resp. to Mot. for Summ. J. 1). He bases this contention on the CPP's mandate that "a grievance about a personal and specific incident shall be filed within five (5) working days after the incident occurs" appearing in the same subsection as its mandate that grievances should "identify all individuals." CPP § 14.6(II)(J)(1)(a)(2), (5). This filing deadline's limitation to "specific and personal incident" grievances does not limit all other rules to those incidents and does not excuse his failure to identify Crank in that grievance.

Finally, Browder argues he did not miss the previously mentioned five-day filing deadline. He complains of confinement in a feces-riddled cell for 12 days beginning on May 28,

2009. Crank uses this May 28 date to argue Browder's June 5 grievance was untimely. Given the allegations that Browder continued to be confined in the complained-of cell at the time his grievance was filed, it is difficult to imagine this as late. Regardless, timely filing of Browder's grievance does not overcome its lack of specificity. Crank is nowhere mentioned in the grievances, which Browder does not refute. For this reason, Browder failed to exhaust his administrative remedies by failing to identify Crank in his prison grievances.

## IV.    <u>CONCLUSION</u>

For these reasons, Browder has failed to exhaust his administrative remedies with respect to any claim he may have against Crank. IT IS HEREBY ORDERED that Thomas Crank's Motion for Summary Judgment (DN 155) is **GRANTED**. Since claims against all Defendants have been dismissed, this action will be **DISMISSED.**

**Greg N. Stivers, Judge**
**United States District Court**
July 27, 2015

cc:     counsel of record
        *pro se* Plaintiff